[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-15401
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 16, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 03-00102-CV-J-12-HTS

RAY L. JOHNSTON,

                                             Plaintiff-Appellant,

        versus

JAMES CROSBY, Present Secretary,
Department of Corrections,
MICHAEL W. MOORE, individually
and as former secretary, Florida
Department of Corrections, et al.

                                             Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 16, 2005)

Before TJOFLAT, DUBINA, and MARCUS, Circuit Judges.

PER CURIAM:

Ray L. Johnston, proceeding pro se, appeals the district court's entry of summary judgment, in favor of Michael W. Moore and Bradley D. Carter, in Johnston's 42 U.S.C. § 1983 action alleging violations of his rights under the Eighth and Fourteenth Amendments to the United States Constitution claims. In his complaint, Johnston, a Death Row inmate in Florida, alleged that, on July 2, 2002, in the exercise yard of Florida State Prison, another Death Row inmate, Rigoberto Sanchez-Velasco, stabbed him three times in the stomach region and one time in his left arm with a homemade shank. Johnston contended that this incident resulted from Moore's and Carter's deliberate indifference to the substantial risk of serious harm to him, which indifference deprived him of his rights under the Eighth and Fourteenth Amendments to the United States Constitution.[1]

After thorough review of the pertinent parts of the record and careful consideration of the parties' briefs, we affirm.

The district court granted summary judgment to Moore and Carter after finding the following, inter alia: (1) Johnston failed to establish that the defendants were subjectively aware of the risk of harm, and (2) Moore and Carter were, therefore, not

---

[1] Johnston fails to argue on appeal that the district court erred in dismissing James V. Crosby, Jr. from this action. Therefore, we deem any argument as to the claims against him to be abandoned. Cf. Lambrix v. Singletary, 72 F.3d 1500, 1506 n.11 (11th Cir. 1996).

2

deliberately indifferent to the risk of harm, as required to establish a violation of the Eighth Amendment to the United States Constitution. On appeal, Johnston argues that Moore and Carter had actual knowledge of the risk Sanchez-Velasco posed to all inmates because, while a ward of the Florida Department of Corrections, Sanchez-Velasco had killed two other inmates and because he previously told a United States District Court judge that he hated people, wanted to kill people, and intended to kill people in the future.[2] Johnston averred, without citation to case law, that, to establish Moore and Carter were subjectively aware of the risk of harm, Johnston needs to establish only that they were aware that an actual risk of harm existed, not that they were aware of the identity of the particular person to be assaulted.[3]

---

[2] For this proposition, Johnston cites to our opinion in Sanchez-Velasco v. Sec. of the Dept. Of Corrections, 287 F.3d 1015 (11th Cir. 2002), a habeas decision, in which we observed:

> Rigoberto Sanchez-Velasco is a Florida death row inmate. He is under sentence of death for the brutal rape and murder of an eleven year old girl who had been left in his care by her mother. While on death row for that crime, he has murdered two inmates. As he explained to the district court in this proceeding: "I hate people, I don't like them, I want to kill people. You understand?" When asked by an interviewer how he made the shank he used to kill his two fellow inmates he declined to tell, explaining that he plans to make more shanks to use against other inmates in the future. Professing that he will kill or attempt to kill again in the future, Sanchez-Velasco insists that he wants his death sentence to be carried out.

Sanchez-Velasco, 287 F.3d at 1017.

[3] Based on our resolution of this argument, we do not reach Johnston's additional argument that the district court erred in finding that Moore and Carter were entitled to qualified immunity.

3

We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the party opposing the motion. Perrino v. Southern Bell Tel. & Tel. Co., 209 F.3d 1309, 1314-15 (11th Cir. 2000). Under Rule 56, summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issues as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P.56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).

In Farmer v. Brennan, 511 U.S. 825, 828, 114 S. Ct. 1970, 1974, 128 L. Ed. 2d 811 (1994), the Supreme Court held that "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."[4] A claim based on deliberate indifference contains three requirements: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." McElligot v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999). To survive a motion for summary judgment, a plaintiff must submit evidence that the defendant-official had subjective knowledge of the risk of serious harm. Id. In determining subjective knowledge, a court is to inquire whether the defendant-

---

[4] "The Eight Amendment's ban on cruel and unusual punishment is made applicable to the states by virtue of the Fourteenth Amendment." Carter v. Galloway, 352 F.3d 1346, 1347 n.1 (11th Cir. 2003) (citation omitted).

4

official was aware of a "particular threat or fear <u>felt by [the] [p]laintiff</u>." <u>Carter v. Galloway</u>, 352 F.3d 1346, 1350 (11th Cir. 2003) (emphasis added). Moreover, the defendant-official "must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists -- and the prison official must also draw that inference." <u>Id.</u> at 1349 (quotations omitted).

Here, it is undisputed that Sanchez-Velasco attacked Johnston. Johnston, however, has provided <u>no</u> evidence that either Moore or Carter had subjective knowledge of the risk of serious harm presented by Sanchez-Velasco against Johnston. <u>Cf.</u> <u>McElligot</u>, 182 F.3d at 1255. Johnston has claimed only that Moore and Carter should have known that Sanchez-Velasco posed a threat to others because he had previously killed two other inmates in 1995 and because of his comments that he wanted to kill people and would kill or attempt to kill again. Simply put, Johnston has provided no evidence that either Moore or Carter were aware of these specific facts. <u>See</u> <u>Carter</u>, 352 F.3d at 1349. Rather, the affidavits of Moore and Carter, which were unopposed by Johnston, state that (1) the assault on Johnston occurred seven years after the 1995 assault; (2) they had no recollection of the Sanchez-Velasco court proceedings or the Eleventh Circuit's opinion; and (3) they were not aware of any threats made by Sanchez-Velasco.

In addition, Johnston has introduced no evidence indicating that he notified either Moore or Bradley of any particularized threat by Sanchez-Velasco nor of any fear felt by Johnston. Cf. Carter, 352 F.3d at 1350. Because Johnston has provided no evidence that either Moore or Carter had subjective knowledge of the risk of serious harm presented by Sanchez-Velasco against Johnston, he has failed to show Moore or Carter's deliberate indifference to a substantial risk of serious harm and, thus, a violation of the Eighth Amendment. See McElligot, 182 F.3d at 1255. Accordingly, we affirm the district court's entry of summary judgment on Johnston's § 1983 claim.

**AFFIRMED.**